UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES COLLINS, | Case No. 1: 18 CV 2861 |
| Plaintiff, | |
| | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| KEITH FOLEY, *et al.*, | **MEMORANDUM OF OPINION** |
| | **AND ORDER** |
| Defendants. | |

*Pro se* Plaintiff James Collins, a state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 against several officials of the Grafton Correctional Institution (GCI) and Grafton Reintegration Center (GRC): GCI Deputy Warden Keith Foley; GCI Institutional Investigator Steve Weishar; GRC Deputy Warden Jennifer Gillece; GRC Warden Lashann Eppinger; GCI Lt. Costello; and GCI Unit Management Chief Richard Roddick. (Doc. 1.) Collins claimed that his constitutional rights were violated in connection with a prison disciplinary hearing in which he was found guilty of attempting or planning an escape, resulting in an increase in his security-level status and transfer to a maximum-security prison. This Court dismissed his Complaint for, among other things, failing to state a claim upon which may be granted. (Doc. 9.) Collins now has filed a "Motion to Alter or Amend the Judgment and/or for Relief from the Judgment" under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Doc. 12.) For the following reasons, the Motion is denied.

Collins brought his Motion within twenty-eight days of the Court's judgment, the

prescribed time period within which to file a motion for reconsideration under Rule 59(e). The Court, therefore, ordinarily would review Collins' Motion solely under that Rule. Recognizing the Court's obligation to liberally construe *pro se* filings, however, the Court also reviews the Motion under Rule 60(b). *See, e.g., United States v. Clements*, No. 93-1887, 32 F.3d 569, 1994 WL 390521, at *1 (6th Cir. July 27, 1994) (finding no abuse of discretion where the defendants' motion to reconsider did not specify whether it was submitted pursuant to Rule 59(e) or Rule 60(b) and thus the trial court considered, and denied, the motion under both rules). Under either rule, Collins' Motion is not well taken.

Rule 59(e) permits a party to "suspend the finality of the district court's judgment" to enable the court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks and citations omitted). The circumstances under which a district court may grant a Rule 59(e) motion are limited to cases in which there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *E.g., Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks omitted). Relief under this Rule "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). The Rule "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988)). Parties, therefore, can cannot use Rule 59(e) to relitigate arguments or present new arguments that could have been raised

before judgment. *Id.*

Rule 60(b) permits parties to request that a district court reconsider a final judgment and reopen a case where the judgment "rests on a defective foundation," such as some "irregularity or procedural defect in the procurement of the judgment . . . ." *In re Abdur'Rahman*, 392 F.3d 174, 179 (6th Cir. 2004) (en banc) (internal quotation marks and citation omitted), *judgment vacated in Bell v. Abdur'Rahman*, 545 U.S. 1151 (2005). The Rule enumerates six specific circumstances in which a party may seek relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Like Rule 59(e), Rule 60(b) does not allow parties to relitigate the merits of claims or raise new claims that could have been raised during the litigation of the case. *In re Abdur'Rahman*, 392 F.3d at 179.

The grant or denial of a Rule 59(e) or 60(b) motion is within the informed discretion of the district court. *See e.g., GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (Rule 59(e)); *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (Rule 60(b)) .

Collins has not established that any of the limited circumstances under either Rule exists here. First, there is no mistake or clear error of law upon which to grant relief. Collins argues that the Court erred in its computation of the statute of limitations period applicable to his

3

claims, but the Court also dismissed Collins' Complaint for failing to state a claim upon which relief may be granted, and Collins does not identify any error of law relating to that ground. Rather, he reasserts his allegations of "numerous substantive and procedural due process violations during the investigation and infracting on the Plaintiff." (Doc. 12-1 at 3.) As explained above, neither Rule 59(e) nor Rule 60(b) permits parties to relitigate claims already raised and rejected.

Furthermore, Collins does not argue that there has been any fraud; inadvertence, surprise, or excusable neglect; intervening change in the controlling law; newly discovered evidence; or procedural defect in the judgment. And, finally, the Court does not find any manifest injustice in the dismissal of Collins' Complaint. The Court carefully considered each of Collins' claims and found them meritless under controlling federal law.

Accordingly, Collins has not demonstrated that any of the limited circumstances under which relief may be granted under either Rule 59(e) or Rule 60(b) apply here, and his Motion is denied. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 11, 2020
        s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
SENIOR UNITED STATES DISTRICT COURT